## Farrell, Appellant, *v.* Coatesville Borough.

*Boroughs—Contracts—Borough engineer—Parol evidence—Evidence.*

Where a bid for a borough sewer and a contract based thereon contain no reference to rock excavation, and both bid and contract have been approved by the borough council, the contractors cannot subsequently allege that they were induced to execute the contract by the assurances of the borough engineer who prepared it, that the rock excavations would be paid for at the established and usual rate.

Argued Feb. 6, 1906.    Appeal, No. 324, Jan. T., 1905, by plaintiff, from order of C. P. Chester Co., Jan. T., 1905, No. 77, refusing to take off nonsuit in case of M. & T. E. Farrell v. Coatesville Borough.    Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ.    Affirmed.

Assumpsit on a sewer contract.    Before HEMPHILL, P. J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*J. Frank E. Hause*, for appellants, cited : Ferguson v. Rafferty, 128 Pa. 337 ; Cummins v. Ins. Co., 197 Pa. 61 ; Schweyer v. Walbert, 190 Pa. 334.

*Alfred P. Reid*, for appellee, cited : Fisher v. South Williamsport Boro., 1 Pa. Superior Ct. 386 ; Malone v. Philadelphia, 147 Pa. 416 ; O'Malley v. Olyphant Borough, 198 Pa. 525 ; Dougherty v. Norwood Boro., 196 Pa. 92 ; Drhew v. Altoona, 121 Pa. 401 ; Milford Borough v. Milford Water Co., 124 Pa. 610 ; O'Rourke v. Philadelphia, 13 Pa. Dist. Rep. 379 ; U. S. Water Works Co. v. Du Bois Boro., 176 Pa. 439 ; Booser v. Steelton Borough, 25 Pa. C. C. Rep. 320.

PER CURIAM, March 5, 1906 :

This is apparently a hard case for appellants, but we are unable to see that they have fixed any legal liability on the defendant.    Whether from a misunderstanding as to what was to be paid for, as plaintiffs' testimony would indicate, or from an error of judgment as to the probability of encountering rock

in the proposed work, as the borough engineer's testimony suggests, the fact is beyond question that the written contract made no reference to rock excavation.   Appellants rely upon the view that rock excavation was omitted because the price for such work was fixed by the borough itself in its original specifications for bidders, was never the subject of any question, and therefore never included in any competitive bids, and when the writing was tendered to them for signature they objected that nothing was said about rock and were induced to waive the objection and execute the contract by the assurances of the borough engineer that the rock excavation would be paid for at the established and usual rate.   Counsel therefore base this action " upon the principle that where a written contract has been signed, and, at the time of its signing, it was mutually agreed that a certain thing should not be included or considered as included in the contract, testimony is properly admissible to determine the question as to what the contract was intended to include," citing Ferguson v. Rafferty, 128 Pa. 337, and Cummins v. Ins. Co., 197 Pa. 61.

It may be conceded that if the negotiations had been between the parties the testimony on this point would have been sufficient to carry the case to the jury.   But appellants dealt only with Book, the borough engineer, who was not a party but an agent with limited authority.   Under the original advertisement the council had called for bids to include materials and labor jointly, and, inter alia, rock excavation at the set price of $3.00 per cubic yard.   None of the bids under this call were accepted and the council then decided to furnish the materials itself and invited bids for doing the work.   Appellants put in a bid in writing offering to " excavate trench for terra cotta sewer . . . . forty-two cents per lineal foot including hauling . . . . do the excavating for the brick sewer for sixty cents per lineal foot, haul pipe," etc.   No reference was made to rock excavation, nor to compensation by the cubic yard.   This bid was presented to the council by the borough engineer, was approved and the engineer directed to prepare a contract in accordance with it.   Subsequently he prepared the contract and submitted it to the council, by whom it was approved and then executed by appellants and the chief burgess.   The contract though rather fuller in details followed the terms of the

bid closely and, like it, contained no reference to rock excavation. This is the substance of the whole evidence on this point, and unfortunately for the appellants there is nothing in it to show that the council either contemplated any rock excavation or authorized the engineer to contract about it.

Judgment affirmed.